**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

MARLON JERMAINE JOHNSON                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO.  4:21-CV-P13-JHM

GRAYSON COUNTY DETENTION CENTER *et al.*                          DEFENDANTS

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983.  This

matter is before the Court for screening of the second amended complaint filed by Plaintiff

Marlon Jermaine Johnson pursuant to 28 U.S.C. § 1915A.[1]  For the reasons set forth below, the

Court will dismiss this action.

**I.**

In the second amended complaint, Plaintiff indicates that he was formerly incarcerated as

a federal pretrial detainee at GCDC.  He names as Defendants GCDC and four GCDC officials –

Chief Deputy Bo Thorpe, Officer Jason VanMeter, Jailer Jason Woosley, and Chief of Security

Jennifer Johnson, whom he sues in both their official and individual capacities.

Plaintiff alleges that on June 7, 2020, he was placed in administrative segregation after he

was involved in altercation with other inmates at GCDC.  Plaintiff alleges that he was the only

inmate involved in the altercation who was placed in administrative segregation.  Plaintiff further

alleges that he did not receive a copy of the incident report or a disciplinary hearing prior to his

placement in segregation.  He also states that he was not present for "periodic reviews held by

the administration" and that he was never provided with a release plan for reentering the general

---

[1] This action was initially filed by six inmates at Grayson County Detention Center (GCDC).  However, by prior
Order, the Court dismissed the other inmates from this action and ordered Plaintiff Johnson to file a second amended
complaint asserting only the claims pertaining to him.

population.  Plaintiff alleges that he was released from segregation upon his transfer to another

jail on March 26, 2021.  This means that Plaintiff's placement in administrative segregation at

GCDC lasted approximately ten months.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the second amended complaint as asserting a Fourteenth Amendment equal protection claim and a Fourteenth Amendment due process claim. The Court will address each in turn.

### A. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant aspects. . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (holding that to be a similarly-situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Here, Plaintiff's alleges that only he was placed in segregation following an altercation with other inmates. In light of the above jurisprudence, the Court concludes that this one-sentence allegation of disparate treatment is too conclusory to state an equal protection claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff's equal protection claim may also be subject to dismissal under the rule set forth in *Enquist v. Oregon Dep't of Agriculture*, 553 U.S. 91, 591, 601 (2008). In *Engquist*, the Supreme Court held that a class-of-one claim was a "poor fit in the public employment context," and that "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns. Rather it is simply to exercise the broad discretion that typically characterizes the employer employee relationship." 553 U.S. at 605. Several courts have extended the reasoning in *Engquist* to the prison context. For example, in *Dawson v. Norwood*, the district court considered whether a prisoner who alleged that he was punished with a longer placement in segregation than the other prisoners who were involved in the same altercation had stated an equal protection claim. No. 1:06-cv-914, 2010 U.S. Dist. LEXIS 54306, at *4-6 (E.D. Mich. June 1, 2010). The *Dawson* court concluded that this allegation failed to state a claim upon which relief may be granted because "courts consistently reject class-of-one theories in the context of prison officials making discretionary decisions concerning inmates." *Id*. (collecting cases); *see also Howard v. Koeller*, 756 F. App'x 601, 604 (7th Cir. 2018) (affirming lower court holding that "class of one" equal protection claim based on a prison disciplinary infraction failed because it challenged discretionary decision making); *Faruq v. McCollum*, Civil Action No. 11-5987 (JBS), 2013 U.S. Dist. LEXIS 89429, at *14 (D.N.J. June 25, 2013) ("[W]ith regard to security level and placement decisions that are based on individual factors and histories, it is hard

to imagine that any inmate would be considered similarly situated [in an equal-protection claim]").

For these reasons, the Court will dismiss Plaintiff's equal protection claim for failure to state a claim upon which relief may be granted.

**B. Due Process Claim**

To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, courts have found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See, e.g.*, *Jones*, 155 F.3d at 812-13 (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to due process); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Webb v. Bucholtz*, No. 1:20-cv-1036, 2021 U.S. Dist. LEXIS 39236, at *4-7 (W.D. Mich. Mar. 3, 2021) (holding that pretrial detainee's ten-month placement in segregation failed to implicate a liberty interest entitling him to due process); *Dawson,* 2010 U.S. Dist. LEXIS 54306, at *17 (ruling that nine-month placement in administrative segregation did not constitute an atypical and significant hardship warranting due process protections); *cf. Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's eight-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process").

In light of this jurisprudence, the Court concludes that Plaintiff nine-month confinement in segregation at GCDC did not constitute an atypical and significant hardship triggering his right to due process. Therefore, the Court will also dismiss Plaintiff's due process claim for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: July 16, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Grayson County Attorney
4414.011